Lindsey R. Adams-Hess (#260600)
Lindsey.adams@bowmanandbrooke.com
Chancellor W. Tseng (#322236)
Chancellor.tseng@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
1741 Technology Drive, Suite 200
San Jose, CA  95110-1364
Telephone:  (408) 279-5393
Facsimile:   (408) 279-5845

Attorneys for Defendant
Tesla, Inc.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| MARLEN MESUTOVICH IZZETOV, MMI (a minor),<br><br>       Plaintiffs,<br><br>vs.<br><br>TESLA, INC.<br><br>       Defendants. | Case No. 5:19-cv-03734-EJD<br>Honorable Edward J. Davila<br>Courtroom 4 – 5th Floor<br><br>**REPLY IN SUPPORT OF DEFENDANT TESLA, INC.'S RULE 12(b)(6) MOTION TO DISMISS**<br><br>Date:      February 6, 2020<br>Time:      9:00 A.M.<br>Courtroom: 4<br><br>Action Filed: June 26, 2019 |

Plaintiffs' Opposition concedes that they lack the vertical contractual privity required to maintain a breach of implied warranty claim under California law.  In an effort to avoid the preclusion of their claim, Plaintiffs argue reliance on Tesla advertisements gives them an exception to the privity requirement.  This argument fails because this exception is only available for express warranty claims, and the Ninth Circuit has made clear that a federal court sitting in diversity cannot create new exceptions. Moreover, Plaintiffs' argument fails a factual plausibility test, where the Complaint makes no allegation that Plaintiffs even relied upon written advertisements.

Plaintiffs' jumbled claim for strict products liability still fails to provide Tesla with sufficient notice as to which theories Plaintiffs are asserting. Rather than pleading different theories in the alternative, Tesla is left guessing which theory or theories Plaintiffs intend to assert. Plaintiffs also fail to adequately allege a manufacturing defect claim within this amalgamated cause of action.

## I. ARGUMENT

### A. Plaintiffs concede they lack vertical privity with Tesla, and the advertisement exception for privity in warranty claims only applies to *express* warranty claims.

Plaintiffs' Opposition concedes that Plaintiffs lack the vertical privity required to maintain a cause of action for Breach of Implied Warranty. Instead, Plaintiffs attempt to point to a possible exception involving written advertisements and labeling, which was discussed tangentially in *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017 (9th Cir. 2008). So, despite admitting to the lack of the requisite contractual relationship between Plaintiffs and Tesla, Plaintiffs argue vertical privity is not required because "Plaintiff Mr. Izzetov relied on this advertising claim made by Tesla that the Model X was 'the safest SUV ever'[.]" Opp., pg. 8, lines 10–12. This argument is misplaced and incorrect; vertical privity between the manufacturer and the plaintiff is a requirement to maintain a cause of action for Breach of Implied Warranty under California law.

  i.   <u>California law clearly requires vertical privity for breach of implied warranty claims.</u>

California law, and the decisions of the district courts in California following California law, are clear that the plaintiff must stand in vertical contractual privity with the defendant in order to maintain claim for breach of implied warranty. *Zeiger v. WellPet LLC*, 304 F. Supp. 3d

837, 853–54 (N.D. Cal. 2018); *Baranco v. Ford Motor Co.*, 294 F. Supp. 3d 950, 975 (N.D. Cal. 2018); *Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1082 (N.D. Cal. 2011); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1142 (N.D. Cal. 2010); *NuCal Foods, Inc. v. Quality Egg LLC*, 918 F. Supp. 2d 1023, 1034 (E.D. Cal. 2013); *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litigation*, 758 F. Supp. 2d 1077, 1100 (S.D. Cal. 2010); *Kennedy v. Baxter Healthcare Corp.*, 43 Cal. App. 4th 799, 810–11 (1996); *U.S. Roofing, Inc. v. Credit Alliance Corp.*, 228 Cal. App. 3d 1431, 1441 (1991).

        ii.      The advertisement exception only applies to *express* warranty claims.

Plaintiffs point to language from *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017 (2008) to claim that they come within an exception to the requirement of vertical privity, without examining or discussing the California Supreme Court case to which *Clemens* refers. Plaintiffs' citation is misleading and unavailing. The *Clemens* court discussed "particularized exceptions" to the rule requiring vertical contractual privity for warranty claims by analyzing the California Supreme Court's decision in *Burr v. Sherwin Williams Co.*, 42 Cal.2d 682, 696 (Cal. 1954) *Clemens*, 534 F.3d at 1023.[1]  In *Clemens*, the Ninth Circuit correctly noted that a "buyer and

---

[1] The comments regarding an advertising exception to privity in *Clemens* come in dicta. The Ninth Circuit simply remarked that some particularized exceptions exist to the requirement of privity in warranty claims, while noting that "Clemens does not claim that any of these exceptions apply directly. Instead, he urges that they are exemplary rather than exhaustive, and that similar equities support an exception in this case." *Id.* at 1023. The court then stated that it "decline[d] this invitation to create a new exception that would permit Clemens's action to proceed." *Id.*

seller stand in privity if they are in adjoining links of the distribution chain. [Citation omitted]. Thus, an end consumer such as [Plaintiff] who buys from a retailer is not in privity with a manufacturer." *Id*. It then stated that exceptions exist, "such as when the plaintiff relies upon written labels or advertisements." *Id*. (citing *Burr v. Sherwin Williams Co.*, 42 Cal.2d 682, 696 (Cal. 1954).

What the California Supreme Court examined in *Burr* was whether the plaintiffs could maintain an action for breach of express warranty against Sherwin Williams for crop damage that plaintiffs alleged resulted from the use of an insecticide spray. *Burr*, 42 Cal.2d 682 at 686. The insecticide was purchased on consignment through a representative of the Central Valley Cooperative, which delivered it to an aviation company for spraying on plaintiffs' crops. *Id.* An employee of the aviation company mixed the insecticide with water and placed it in the airplane for spraying. *Id.* After observing damage to his crops, plaintiff Burr brought a claim for breach of implied warranty against both Sherwin Williams and the cooperative. *Id.* at 687. The jury found against Sherwin Williams, and it appealed—in part—by contending that the jury was given erroneous instructions regarding plaintiffs' claims for breach of implied warranty. *Id.* Specifically, the trial court instructed had the jury in the language of subdivisions (1) and (2) of section 1735 of the California Civil Code. *Id.* at 692. In so instructing, the trial court told the jury that if there was an implied warranty under this section, there was no requirement of privity of contract between the manufacturer and the ultimate consumer. *Id.* The California Supreme Court noted that in California an exception to the requirement of vertical privity has been made in cases involving foodstuffs, and that "[a]nother possible exception to the general rule [requiring vertical privity] is found in a few cases where the purchaser of a product relied on representations made by the manufacturer in labels or advertising material, ***and recovery from the manufacturer was allowed on a theory of express warranty without a showing of privity.***"

*Id.* at 696 (internal citations omitted) (emphasis added).  The *Burr* court went on to state, explicitly, that the advertisement exception "is applicable ***only to express warranties***." *Burr*, 42 Cal.2d at 696 (emphasis added).  It concluded that the trial court erred in instructing the jury "by stating that privity was not required in order to find that Sherwin Williams was bound by the statutorily implied warranties" and reversed.  *Id.* at 697.

Recent jurisprudence from the Northern District of California has clearly recognized the explicit limitation of the *Burr* advertisement exception to express warranty claims and rejected similar attempts to apply the exception to implied warranty claims.  *Zeiger*, 304 F. Supp. 3d at 853–54 ("The Ninth Circuit, however, cited the California Supreme Court case, *Burr v. Sherwin Williams Co.*, for this proposition. That case did *not* recognize an exception to privity in implied warranty claims[.]") *Zeiger* addressed an identical scenario as here, where the plaintiffs "do not dispute that they lack privity…but instead argue that privity is not required 'when the plaintiff relies on written labels or advertisements of a manufacturer.'" *Id.*  The *Zeiger* court rejected Plaintiffs' identical argument, finding no advertisement exception exists for implied warranty claims.  *Id.*; s*ee also Tietsworth*, 720 F. Supp. 2d at 1142 (holding the advertisement "exception applies only in the context of express warranties.")

Finally, the Ninth Circuit in *Clemens* emphasized that "California courts have painstakingly established the scope of the privity requirement under California Commercial Code section 2314, and a federal court sitting in diversity is not free to create new exceptions to it." *Clemens*, 534 F.3d at 1024 (citing *Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3, 4 (1975).)

Plaintiffs' misleading citation to *Clemens* does not create an advertisement exception to the requisite vertical contractual privity applicable the warranty claim in this case, and Plaintiffs argument is flatly contrary to well-settled California law.  Because Plaintiffs concede they lack

the vertical contractual privity requisite to maintain a breach of implied warranty claim and fail to establish any excuse to this requirement, Plaintiffs' Count III for "Breach of Implied Warranties" must be dismissed.

### B. Plaintiffs fail to allege any reliance on Tesla's written advertisements.

In addition to being legally incorrect, Plaintiffs' argument in opposition to Tesla's motion to dismiss their breach of warranty claim is factually unsupported. Even if an advertisement exception to privity were available for breach of implied warranty claims (which it is not), Plaintiffs still fail to allege any reliance on Tesla's written advertisements prior to or for their purchase of a Tesla Model X.

The only reference in Plaintiffs' Complaint to any Tesla advertisements is in paragraph 10 of their Complaint: "On its website, Defendant Tesla, Inc. describes the Tesla Model X as 'the safest SUV ever built'. (https://www.tesla.com/modelx)". Paragraph 10 is the only reference to any Tesla advertisement in the entire Complaint, including Plaintiffs' Count III for "Breach of Implied Warranties" on pages 24–26. Plaintiffs do not allege any reliance whatsoever on this advertisement prior to and for their purchase of the Tesla Model X. Moreover, Plaintiffs cite nothing indicating Tesla has made any advertising or labeling representations regarding the ice breaker component of the Model X "ice breaker" or that Plaintiffs purchased the Model X on the used market based on some representation relating to the ice breaker. Finally, there is no allegation that Tesla ever represented (or could represent) that any vehicle is injury or accident-proof. It remains true that the Model X is the safest SUV ever built, but no vehicle or vehicle manufacturer can eliminate all possibility of an anomalous incident resulting in injury.

Plaintiffs' Count III for "Breach of Implied Warranties" must therefore be dismissed.

///

### C. Plaintiffs' breach of implied warranty claim must be dismissed with prejudice.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Said another way, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555.

Plaintiffs' Count III for "Breach of Implied Warranties" contains only "labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Further, the allegations supporting Plaintiffs' claim for breach of implied warranty are not and never will be "enough to raise a right to relief above the speculative level" and does not plausibly state a claim for relief.

Plaintiffs' Complaint fails to allege the requisite vertical contractual privity with Tesla to maintain a breach of implied warranty claim. Having purchased the Model X from a non-Tesla retailer, Plaintiffs do not allege any contractual event or relationship with Tesla. Plaintiffs concede the lack of vertical contractual privity in their Complaint and in their Opposition and proceeded with a misleading reference to an advertisement exception that is only available for express warranty claims, and where even the Complaint fails to allege reliance on any such advertisement.

Plaintiffs cannot cure the deficiencies in their claim for Breach of Implied Warranties. Plaintiffs cannot allege any direct contractual relationship with Tesla and Plaintiffs cannot allege privity to maintain a breach of implied warranty claim based on an advertisement exception only

available to express warranty claims. Plaintiffs' Count III for "Breach of Implied Warranties" must be dismissed with prejudice.

### D. Plaintiffs have failed to set forth the elements of an identifiable, plausible cause of action under strict products liability.

Plaintiffs' have not pled theories of products liability in the alternative. Instead, Plaintiffs jumbled together three inconsistent theories of products liability in a single cause of action. Tesla can only guess as to which of the three products liability theories Plaintiffs are asserting.

Moreover, to the extent Plaintiffs are alleging a manufacturing defect, Plaintiffs have failed to plead facts sufficient to give notice of the claim. To the extent Plaintiffs are alleging a design defect and/or failure to warn in the alternative, Tesla is at least entitled to a clearer statement. Indeed, Plaintiffs fail to correctly identify the component at issue (the ice breaker) and instead refer to an amorphous door "locking mechanism" that has nothing to do with the ice breaker. It seems Tesla's Motion has, to some extent, educated Plaintiffs regarding the components at issue. It, therefore, stands to reason (notwithstanding Plaintiffs' legal obligations in pleading their claims) that this claim should be dismissed or at a minimum amended to provide a more definite statement of their cause of action.

### CONCLUSION

Plaintiffs cannot cure the lack of vertical contractual privity with Tesla in their cause of action for Strict Products Liability, nor rely on an advertising exception only available to breach of express warranty claims. Plaintiffs' Complaint does not give adequate notice to Tesla regarding which strict products liability theory or theories they are pursuing. Tesla is entitled to an order dismissing Plaintiffs' Count III for Breach of Implied Warranties with prejudice. Plaintiffs should also be ordered to plead further facts to give adequate notice to Tesla which

strict products liability theories they are pursuing and, if they are pursuing a manufacturing defect theory, to properly set forth the elements of that claim.

Dated: October 17, 2019                                    BOWMAN AND BROOKE LLP


                                                    /s/ Lindsey R. Adams-Hess
                                                    Lindsey R. Adams-Hess
                                                    Chancellor W. Tseng
                                                    Attorneys for Defendant
                                                    Tesla, Inc.